IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD DEVORE CLINTON,       )
                               )
        Plaintiff,             )
                               )
    v.                         )   1:20CV1078
                               )
SGT. SLAGLE, et al.,           )
                               )
        Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Reginald Devore Clinton, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Complaint names two prison guards at Forsyth Correctional Center, Sergeant Slagle and Sergeant Campbell, as Defendants in the case and alleges that they violated Plaintiff's federal constitutional rights by showing deliberate indifference to Plaintiff's serious medical needs. It seeks damages as a result of the alleged violations.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint fails to state a claim as to Defendant Slagle, but should proceed as to Defendant Campbell.

As stated above, the Complaint alleges that Defendants showed deliberate indifference to Plaintiff's serious medical needs. Deliberate indifference to a serious medical need can

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Further,

> [a] medical need qualifies as serious if it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." [Iko, 525 F.2d at 241] (internal quotation marks omitted). A defendant displays deliberate indifference where he possesses knowledge of the risk of harm to an inmate and knows that "his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." Id. (emphasis and internal quotation marks omitted); see also Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) ("To prove deliberate indifference, plaintiffs must show that 'the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.' " (brackets in original) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994))).

Durand v. Charles, No. 1:16CV86, 2016 WL 7495811, at *4 (M.D.N.C. Dec. 30, 2016) (unpublished), report and rec. adopted, 2017 WL 389108 (M.D.N.C. Jan 26, 2017).

The Complaint alleges that Plaintiff on May 19, 2019 "woke up feeling nauseous, shaking with cold chills and experiencing pain in [his] lower left leg." (Docket Entry 1, § IV(D).) Plaintiff allegedly reported this to Defendant Slagle at 8:45 p.m and she replied that these "sym[p]toms were not an emergency" and instructed Plaintiff to fill out a regular sick call. (Id.) Plaintiff did so and laid back down. (Id.) He awakened the next morning "with visible swelling in [his] leg and at 7:08 am [he] reported these sym[p]toms to [Defendant] Campbell and showed him [the] leg and told [Defendant Campbell] [he] needed to remain on campus to see the nurse. (Id.) However, Campbell allegedly told Plaintiff to "'Get on the bus or get a write up.'" (Id.) The Complaint alleges that Defendant Slagle violated Plaintiff's rights by not acting after being informed of Plaintiff's need for medical

-3-

attention and that Defendant Campbell violated his rights by forcing him "to attend school by threatening 'get on the bus or get a write-up' while visible swelling and redness or [Plaintiff's] leg was obvious to any untrained eye."  (Id, § II(D).)  The Complaint is not specific about the events that occurred next or the cause of the issues with Plaintiff's leg.  However, the problem allegedly resulted in a 21-day stay in the hospital, "[p]ermanent damage and discoloration on [Plaintiff's] lower left leg," "acute kidney disease that now requires medication," wound care, hose, and medical socks and shoes.  (Id. §V.)  Plaintiff also reports "[c]onstant swelling and fluid on [his] lower left leg."  (Id.)

Accepting these allegations as true, the Complaint does not state a sufficient claim for relief as to Defendant Slagle.  It alleges only that Plaintiff informed her that he had fever, chills, and pain in his leg.  It does not claim that he had visible symptoms in the leg at the time he spoke to Defendant Slagle.  Thus, his condition was not so dire or obvious at that point that a lay person would have easily recognized the need for a doctor's immediate attention. Further, Defendant Slagle did not demonstrate deliberate indifference to Plaintiff's condition, but instructed him to complete a sick call to be seen for non-emergency medical treatment.  Thus, she guided him in seeking treatment, rather than ignore the situation.  The Complaint fails to state facts sufficient to establish that Defendant Slagle reacted with deliberate indifference to a serious medical need.  The Court should dismiss her from the case.

Defendant Campbell is a different matter.  The Complaint alleges that by the time Plaintiff spoke with him, Plaintiff's leg was red and visibly swollen, in addition to his other

-4-

symptoms. Further, Defendant Campbell's alleged actions prevented Plaintiff from receiving a medical examination, rather than helping to facilitate it as Defendant Slagle had. Therefore, the allegations against Defendant Campbell are sufficient to state a potential claim for relief. The case should proceed as to Defendant Campbell.

Because Plaintiff submitted the Complaint and seeks to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment of $1.67. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted as to Defendant Slagle, but allowed to proceed as to Defendant Campbell.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $1.67.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of January of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:20CV1078, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In

the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons as to the remaining Defendants be stayed until Plaintiff either (1) submits to the Court the initial payment noted above, or (2) in the alternative submits a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 20-day period.

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 8th day of December, 2020.

>              /s/ L. Patrick Auld
> **L. Patrick Auld**
> **United States Magistrate Judge**